**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

IN RE: Chapter 11 Case

NIED OWNERSHIP LLC, Case No. 6:26-bk-3232-TPG

Debtor.
______________________________________/

**ACRE CFPORTFOLIO LLC'S**
**REQUESTS FOR DOCUMENT PRODUCTION**

To: NIED OWNERSHIP LLC, by and through its proposed counsel, Amy Denton Mayer, BERGER SINGERMAN LLP, 101 E. Kennedy Boulevard, Suite 1165, Tampa, FL 33602.

Please take notice that, pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 34 of the Federal Rules of Civil Procedure, made applicable by Rule 7034 of the Bankruptcy Rules, ACRE CFPortfolio LLC ("ACRE") hereby requests the Debtor to produce the documents and electronic information described in the document requests set forth herein (collectively the "Requests" and each individually a "Request") on a rolling basis as soon as practicable, and in any event no later than June 22, 2026 or by such other time as may be agreed to by the parties or directed by the Court, to ACRE's counsel.

**DEFINITIONS**

1. The term "Communication" means any transmittal or receipt of information in the form of facts, ideas, inquiries, or otherwise, and includes correspondence, telexes, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, recordings of any other type in any medium of written or oral communications, text messages, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications. A communication is responsive for purposes of these Requests regardless of the sender and recipients of the Communication, and responsive Communications

include Communications between (a) only the Debtor's employees and principals, (b) the Debtor's employees and principals, and third parties, (c) only third parties, or (d) any other combination of personnel.

2. The term "Concerning" means reflecting, referring to, or relating to, in addition to its other customary and usual meaning, and includes, but is not limited to, discussing, constituting, pertaining to, describing, evidencing, identifying, touching upon, reflecting, and/or summarizing. When a Request asks you to produce documents "concerning" an issue, you must produce not only documents that support such issue but also documents that potentially negate such issue.

3. The term "Document" includes writings of any type, all other data compilations from which information can be obtained, all Communications, and any other means of preserving thoughts or expression, however produced or reproduced, including but not limited to e-mails, text messages, instant messages, letters, memoranda, notes, agreements, drafts, term sheets, letters of intent, expressions of interest, indications of interest, proposals, bids, offers, commitment letters, engagement letters, marketing materials, offering memoranda, solicitations, presentations, diligence materials, financial models, spreadsheets, appraisals, valuations, reports, analyses, films, videotapes, audio recordings, and other recordings of events. Requested documents means originals in each instance (or copies thereof if originals are unavailable), regardless of origin or location, which are in the possession, custody, or control of the Debtor, or in the possession, custody, or control of the Debtor's agents, representatives, employers, employees, or counsel, and any copies or reproductions that differ in any respect from the original, such as copies containing marginal notations or other variations. Requested documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents, including documents in draft and final form. The enumeration of various specific items as included within the definition of the word "document" may not be taken to limit the generality of this word, and the Requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of the word.

4. The Term "Motion" means the *Motion to Dismiss Chapter 11 Case or, in the*

*Alternative, for Relief from the Automatic Stay* (the "Motion to Dismiss Case") [Doc. No. 23] filed by ACRE.

5. The term "Portfolio" has the meaning ascribed to it in the Motion.

6. The term "Nied Member" has the meaning ascribed to it in the Motion.

7. The term "Property Owners" has the meaning ascribed to it in the Motion.

8. The term "Refinancing" means any transaction or series of transactions involving the repayment, replacement, renewal, extension, amendment, restatement, repricing, restructuring, exchange, defeasance, redemption, satisfaction, or discharge of any existing debt, credit facility, loan, bond, note, securitization, or other financing obligation, in whole or in part, through the incurrence or issuance of new or modified debt, equity-linked instruments, securities, or other financing arrangements.

9. The term "Sale" means any transaction or series of transactions involving the direct or indirect sale, transfer, assignment, disposition, conveyance, contribution, exchange, or other disposition of assets, equity interests, business operations, subsidiaries, operations, real property, receivables, or other property or rights.

10. The term "You" or "Your" refers to the "Debtor," which, in turn, refers to Nied Ownership LLC, and, where applicable, the officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of the above entity. It also includes non-debtor affiliates, predecessors, parent or subsidiary entities, branches, departments, divisions, affiliates of those entities, or any officer, director or shareholder having knowledge of the matters in controversy in the present proceeding, including Nied Member and each of the Property Owners.

11. As used herein, the terms "all," "any," or "each" shall each be construed as encompassing any and all.

12. As used herein, the words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests.

13. The use of the singular herein shall be construed to include the plural and vice versa.

14. All words, terms, and phrases not specifically defined herein are to be given their

normal and customary meaning in the context in which they are used in these Requests.

15. "Including" shall mean including but not limited to.

## INSTRUCTIONS

16. These Requests cover all documents wherever located, including all documents in the Debtor's possession, custody, or control, and all documents that are otherwise obtainable by the Debtor. In responding to these Requests, the Debtor is required to furnish all information that is available to the Debtor, including information in the possession, custody, or control of the Debtor's attorneys, accountants, agents, employees, representatives, advertising agencies, advertising consultants, and any other persons directly or indirectly employed by or connected with the Debtor or the Debtor's attorneys or anyone else subject to the Debtor's control.

17. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure (as incorporated by Rule 7034 of the Bankruptcy Rules), responsive documents should be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the specific Request to which they are responsive. The integrity and internal sequence of the requested documents within each folder are not to be disturbed. Under no circumstances are documents from any file folder to be commingled with documents from any other file folder.

18. All non-identical copies of each document whose production is sought should be separately produced.

19. For the production of hard copy documents, rather than making another hard copy, the Debtor should scan the same in TIFF format with Optical Character Recognition ("OCR") along with a Relativity database load file containing fields populated with the following: the beginning bates number of each document [BEGBATES field]; the ending bates number of each document [ENDBATES field]; the number of pages of each document/record [PAGECOUNT field]; and the extracted OCR text [TEXT field].

20. With respect to documents that are already in electronic/digital form, or exist in or can be retrieved electronically, the same should be converted into a TIFF file with bates numbers, along with a link to the native, electronic file, and ensure the metadata from the original/native

electronic file has been suitably transferred into a load file that can be loaded onto a Relativity database load file.

21. If you object to furnishing documents in response to any Request or part or portion thereof, you should specifically state the basis of such objection and furnish all requested documents to which the objection does not apply.

22. If any documents covered hereunder are withheld from production on the ground of privilege, or on a ground other than privilege, the Debtor should furnish a list of all such documents that includes (a) the date and number of pages of each document; (b) each document's title (if any); (c) each document's subject matter; (d) the identity of each attachment or appendices to each document; (e) the name and identification of each person to whom each document is addressed; (f) the name and identification of each person who received a copy of each document; (g) the name and identification of each person to whom each document was distributed, shown, or explained; (h) the name and identification of the person or persons by whom each document was written or otherwise prepared; (i) each document's present custodian; and (j) the ground or grounds upon which each document is being withheld.

23. Each Request should be quoted in full immediately preceding your response.

24. These Requests will be deemed continuing and require immediate further supplemental production if the Debtor receives, discovers, or generates additional documents after initially responding to these Requests. If any such additional documents or any portion of such documents are withheld from production upon a claim of privilege or for any other reason, the Debtor must promptly serve a written identification of each such document or portion thereof, setting forth the information described in Instruction No. 22 above.

25. If there are no documents responsive to any particular Request, you must indicate so in writing.

26. If any documents responsive to the Requests have been lost, destroyed, transferred voluntarily or involuntarily to others not subject to the Debtor's control, or otherwise disposed of, or if any documents responsive to the Requests exist but are not available to the Debtor, furnish a

list identifying each such document, and set forth the following information with respect to the same: its date, author(s), sender(s), addressee(s) and recipient(s), and the subject matter of the document. In each instance, explain the circumstances surrounding each disposition or why such document is unavailable, including, in the event of such a disposition, the authorization therefor and the date thereof.

27. If You claim privilege or other protection as to a part of a document, you should redact that portion and produce the remainder. When such redactions are made, you should place a legend similar to "Redaction – Privilege" on the copy of the document produced. All redactions should be included on the privilege log, and the redaction should be described pursuant to the instructions in paragraph 22. If a document is produced in redacted form, state with particularity the reason(s) it was not produced in full and describe generally those portions of the document that are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

28. If you cannot respond to any request in full, you should respond to the extent possible, specifying the reason for your inability to respond to the remainder, and state whatever information or knowledge you have regarding the portion to which you have not responded.

## DOCUMENT REQUESTS

**Request for Production No. 1**

All Documents and Communications dated, created, sent, received, or otherwise arising during the one-year period preceding the date of these Requests Concerning any actual, proposed, contemplated, or potential Refinancing of the debt secured by or relating to the properties comprising the Portfolio, whether collectively or with respect to any single property or group of properties, including any efforts to solicit, obtain, negotiate, document, approve, or consummate any such Refinancing.

**Request for Production No. 2**

All Documents and Communications dated, created, sent, received, or otherwise arising during the one-year period preceding the date of these Requests Concerning any actual, proposed, contemplated, or potential Sale of the Portfolio or any single property or group of properties comprising the Portfolio, including any efforts to solicit, obtain, negotiate, document, approve, or consummate any such Sale.

**Request for Production No. 3**

To the extent not covered by Request Nos. 1 and 2, all Documents and Communications dated, created, sent, received, or otherwise arising during the one-year period preceding the date of these Requests Concerning any actual, proposed, contemplated, or potential strategic transaction involving the Debtor, ACRE's and/or the Debtor's equity interests in Nied Member, or the Portfolio, whether collectively or with respect to any single property or group of properties comprising the Portfolio, including any efforts to solicit, obtain, negotiate, document, approve, or consummate any such strategic transaction.

**Request for Production No. 4**

All Documents and Communications dated, created, sent, received, or otherwise arising during the one-year period preceding the date of these Requests Concerning any actual, proposed, contemplated, or potential Refinancing of the Debtor's and/or Nied Member's obligations to ACRE in connection with ACRE's preferred equity interests in Nied Member, or any other plan, proposal, or strategy intended to cure any defaults relating to ACRE's preferred equity interests or otherwise address ACRE's rights, claims, interests, and remedies thereunder.

Respectfully submitted this 2nd day of June, 2026.

/s/ Lara Roeske Fernandez
Lara Roeske Fernandez, Esq.
Florida Bar No. 88500
lfernandez@trenam.com
**TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.**
101 E Kennedy Boulevard, Suite 2700
Tampa, FL 33602
Telephone: (813) 223-7474

*Counsel for ACRE CFPortfolio LLC*

/s/ Charles A. Dale
Charles A. Dale, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110-2600
Telephone: (617) 519-9600
Email: cdale@proskauer.com

Dylan J. Marker, Esq. (*pro hac vice* pending)
Eleven Times Square
New York, New York 10036-8299
Telephone: (212) 969-3000
Email: dmarker@proskauer.com

*Counsel for ACRE CFPortfolio LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2026 a true and correct copy of the foregoing has been served via email to: Counsel for Nied Ownership, LLC, **Amy Denton Mayer,** amayer@bergersingerman.com and **Edward J. Peterson, III,** epeterson@bergersingerman.com.

*/s/ Lara Roeske Fernandez*
Lara Roeske Fernandez