**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

IN RE: Chapter 11 Case

NIED OWNERSHIP LLC, Case No. 6:26-bk-3232-TPG

Debtor.
_____________________________________/

**ACRE CFPORTFOLIO LLC'S**
**SECOND REQUESTS FOR DOCUMENT PRODUCTION**

To: NIED OWNERSHIP LLC, by and through its proposed counsel, Amy Denton Mayer, BERGER SINGERMAN LLP, 101 E. Kennedy Boulevard, Suite 1165, Tampa, FL 33602.

Please take notice that, pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 34 of the Federal Rules of Civil Procedure, made applicable by Rule 7034 of the Bankruptcy Rules, ACRE CFPortfolio LLC ("ACRE") hereby requests the Debtor to produce the documents and electronic information described in the second set of document requests set forth herein (collectively the "Requests" and each individually a "Request") on a rolling basis as soon as practicable, and in any event no later than June 18, 2026 or by such other time as may be agreed to by the parties or directed by the Court, to ACRE's counsel.

## DEFINITIONS

1. The term "Communication" means any transmittal or receipt of information in the form of facts, ideas, inquiries, or otherwise, and includes correspondence, telexes, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, recordings of any other type in any medium of written or oral communications, text messages, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications. A communication is responsive for purposes of these Requests

regardless of the sender and recipients of the Communication, and responsive Communications include Communications between (a) only the Debtor's employees and principals, (b) the Debtor's employees and principals, and third parties, (c) only third parties, or (d) any other combination of personnel.

2. The term "Concerning" means reflecting, referring to, or relating to, in addition to its other customary and usual meaning, and includes, but is not limited to, discussing, constituting, pertaining to, describing, evidencing, identifying, touching upon, reflecting, and/or summarizing. When a Request asks you to produce documents "concerning" an issue, you must produce not only documents that support such issue but also documents that potentially negate such issue.

3. The term "Document" includes writings of any type, all other data compilations from which information can be obtained, all Communications, and any other means of preserving thoughts or expression, however produced or reproduced, including but not limited to e-mails, text messages, instant messages, letters, memoranda, notes, agreements, drafts, term sheets, letters of intent, expressions of interest, indications of interest, proposals, bids, offers, commitment letters, engagement letters, marketing materials, offering memoranda, solicitations, presentations, diligence materials, financial models, spreadsheets, appraisals, valuations, reports, analyses, films, videotapes, audio recordings, and other recordings of events. Requested documents means originals in each instance (or copies thereof if originals are unavailable), regardless of origin or location, which are in the possession, custody, or control of the Debtor, or in the possession, custody, or control of the Debtor's agents, representatives, employers, employees, or counsel, and any copies or reproductions that differ in any respect from the original, such as copies containing marginal notations or other variations. Requested documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents, including documents in draft and final form. The enumeration of various specific items as included within the definition of the word "document" may not be taken to limit the generality of this word, and the Requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of the word.

4. The Term "Motion" means the *Motion to Dismiss Chapter 11 Case or, in the Alternative, for Relief from the Automatic Stay* (the "Motion to Dismiss Case") [Doc. No. 23] filed by ACRE.

5. The term "Portfolio" has the meaning ascribed to it in the Motion.

6. The term "Nied Member" has the meaning ascribed to it in the Motion.

7. The term "Property Owners" has the meaning ascribed to it in the Motion.

8. The term "Niedersts" means Michael Niederst, David Niederst, and any of their respective agents, representatives, employees, advisors, family members, affiliates, related entities, trusts, holding companies, investment vehicles, or entities owned, controlled, managed, or directly or indirectly affiliated with either of them.

9. The term "OWS" means OWS Capital, together with its affiliates, funds, principals, employees, agents, advisors, representatives, lenders, investors, members, managers, officers, directors, designees, successors, and assigns.

10. The term "Benefit Street Partners" means Benefit Street Partners L.L.C. and any of its affiliates, funds, principals, employees, agents, advisors, representatives, lenders, investors, members, managers, officers, directors, designees, successors, and assigns.

11. The term "Plan" means the Chapter 11 Plan or Reorganization, filed on June 6, 2026, in connection with the above-captioned case, including any actual, proposed, potential, contemplated, revised, rejected, or withdrawn chapter 11 plan, restructuring plan, business plan, liquidation plan, sale plan, refinancing plan, recapitalization plan, reorganization strategy, exit strategy, or other plan regarding the Debtor, the Portfolio, any Property Owner, any Nied Member, or any entity owned, controlled, managed, or affiliated with Michael Niederst or David Niederst.

12. The term "Refinancing" means any transaction or series of transactions involving the repayment, replacement, renewal, extension, amendment, restatement, repricing, restructuring, exchange, defeasance, redemption, satisfaction, or discharge of any existing debt, credit facility, loan, bond, note, securitization, or other financing obligation, in whole or in part, through the incurrence or issuance of new or modified debt, equity-linked instruments, securities, or other

financing arrangements.

13. The term "Sale" means any transaction or series of transactions involving the direct or indirect sale, transfer, assignment, disposition, conveyance, contribution, exchange, or other disposition of assets, equity interests, business operations, subsidiaries, operations, real property, receivables, or other property or rights.

14. The term "You" or "Your" refers to the "Debtor," which, in turn, refers to Nied Ownership LLC, and, where applicable, the officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of the above entity. It also includes non-debtor affiliates, predecessors, parent or subsidiary entities, branches, departments, divisions, affiliates of those entities, or any officer, director or shareholder having knowledge of the matters in controversy in the present proceeding, including Nied Member and each of the Property Owners.

15. As used herein, the terms "all," "any," or "each" shall each be construed as encompassing any and all.

16. As used herein, the words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests.

17. The use of the singular herein shall be construed to include the plural and vice versa.

18. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Requests.

19. "Including" shall mean including but not limited to.

## INSTRUCTIONS

20. These Requests cover all documents wherever located, including all documents in the Debtor's possession, custody, or control, and all documents that are otherwise obtainable by the Debtor. In responding to these Requests, the Debtor is required to furnish all information that is available to the Debtor, including information in the possession, custody, or control of the Debtor's attorneys, accountants, agents, employees, representatives, advertising agencies, advertising consultants, and any other persons directly or indirectly employed by or connected

with the Debtor or the Debtor's attorneys or anyone else subject to the Debtor's control.

21. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure (as incorporated by Rule 7034 of the Bankruptcy Rules), responsive documents should be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the specific Request to which they are responsive. The integrity and internal sequence of the requested documents within each folder are not to be disturbed. Under no circumstances are documents from any file folder to be commingled with documents from any other file folder.

22. All non-identical copies of each document whose production is sought should be separately produced.

23. For the production of hard copy documents, rather than making another hard copy, the Debtor should scan the same in TIFF format with Optical Character Recognition ("OCR") along with a Relativity database load file containing fields populated with the following: the beginning bates number of each document [BEGBATES field]; the ending bates number of each document [ENDBATES field]; the number of pages of each document/record [PAGECOUNT field]; and the extracted OCR text [TEXT field].

24. With respect to documents that are already in electronic/digital form, or exist in or can be retrieved electronically, the same should be converted into a TIFF file with bates numbers, along with a link to the native, electronic file, and ensure the metadata from the original/native electronic file has been suitably transferred into a load file that can be loaded onto a Relativity database load file.

25. If you object to furnishing documents in response to any Request or part or portion thereof, you should specifically state the basis of such objection and furnish all requested documents to which the objection does not apply.

26. If any documents covered hereunder are withheld from production on the ground of privilege, or on a ground other than privilege, the Debtor should furnish a list of all such documents that includes (a) the date and number of pages of each document; (b) each document's title (if any); (c) each document's subject matter; (d) the identity of each attachment or appendices

to each document; (e) the name and identification of each person to whom each document is addressed; (f) the name and identification of each person who received a copy of each document; (g) the name and identification of each person to whom each document was distributed, shown, or explained; (h) the name and identification of the person or persons by whom each document was written or otherwise prepared; (i) each document's present custodian; and (j) the ground or grounds upon which each document is being withheld.

27. Each Request should be quoted in full immediately preceding your response.

28. These Requests will be deemed continuing and require immediate further supplemental production if the Debtor receives, discovers, or generates additional documents after initially responding to these Requests. If any such additional documents or any portion of such documents are withheld from production upon a claim of privilege or for any other reason, the Debtor must promptly serve a written identification of each such document or portion thereof, setting forth the information described in Instruction No. 22 above.

29. If there are no documents responsive to any particular Request, you must indicate so in writing.

30. If any documents responsive to the Requests have been lost, destroyed, transferred voluntarily or involuntarily to others not subject to the Debtor's control, or otherwise disposed of, or if any documents responsive to the Requests exist but are not available to the Debtor, furnish a list identifying each such document, and set forth the following information with respect to the same: its date, author(s), sender(s), addressee(s) and recipient(s), and the subject matter of the document. In each instance, explain the circumstances surrounding each disposition or why such document is unavailable, including, in the event of such a disposition, the authorization therefor and the date thereof.

31. If You claim privilege or other protection as to a part of a document, you should redact that portion and produce the remainder. When such redactions are made, you should place a legend similar to "Redaction – Privilege" on the copy of the document produced. All redactions should be included on the privilege log, and the redaction should be described pursuant to the

instructions in paragraph 22. If a document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe generally those portions of the document that are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

32. If you cannot respond to any request in full, you should respond to the extent possible, specifying the reason for your inability to respond to the remainder, and state whatever information or knowledge you have regarding the portion to which you have not responded.

33. The Relevant Period for each Request shall be January 1, 2025 to present, unless specified otherwise below.

**DOCUMENT REQUESTS[1]**

5. All Documents and Communications sufficient to evidence the existence and amount of any claim of any creditor Debtor's contend holds a claim against the Debtor's estate.

6. All Documents and Communications Concerning the statement at the bottom of page 2 of the Opposition to the Motion, that "ACRE and its predecessor…engage[d] in [a] pattern of inequitable conduct."

7. All Documents and Communications Concerning the statements at the bottom of page 3 of the Opposition to the Motion, that "ACRE induced PIMCO to block refinancing of two Projects."

8. All Documents and Communications Concerning the transfer of any real property, equity interests, assets, funds, or other property by or from the Debtor, Nied Member, any Property Owner, or any entity owned, controlled, managed, or affiliated with Michael Niederst or David

[1] The numbering of these Document Requests (and their beginning at five (5)) takes into account the four document requests in ACRE's first request for production.

Niederst, to any other affiliated entity, family trust, holding company, any of the Niedersts, or any other insiders.

9. All Documents and Communications Concerning any finances, loans, draws, distributions, salaries, fees, bonuses, expense reimbursements, advances, capital contributions, or other withdrawals of funds that Michael Niederst or David Niederst have received from, withdrawn from, loaned against, or taken out of any property-owning entity, including but not limited to the Debtor, Nied Member, any Property Owner, or any entity owned, controlled, managed, or affiliated with either of them.

10. All Documents and Communications Debtor intends to rely on in support of confirmation of its Plan and/or disclosure statement.

11. All Documents and Communications Concerning any evidence, exhibits, documents, or testimony that the Debtor intends to introduce at the Final Evidentiary Hearing on the Motion.

12. All Documents and Communications Concerning any appraisals, valuations, broker price opinions, market analyses, financial projections, or assessments of value for any real property owned by the Debtor, Nied Member, any Property Owner, or any entity owned, controlled, managed, or affiliated with Michael Niederst or David Niederst.

13. All Documents and Communications Concerning any appraisals, valuations, assessments of value, financial statements, operating statements, capital accounts, or projections for NDALD, LLC, NJALD, LLC, and MRAD Phase III, LLC, from the date of formation of each such entity to the present.

14. All Documents and Communications Concerning OWS and Benefit Street Partners, including but not limited to any term sheets, commitment letters, loan agreements, loan

applications, proposals, expressions of interest, indications of interest, correspondence, due diligence materials, financial projections, underwriting analyses, or other documents relating to any actual, proposed, or contemplated financing, refinancing, or investment by OWS or Benefit Street Partners in the Debtor, Nied Member, the Property Owner, the Portfolio, or any affiliate thereof.

15. All Documents and Communications Concerning the Plan, including but not limited to any drafts, term sheets (including relating to any financing contemplated in connection with the Plan), commitment letters, financial projections, sources and uses analyses, business plans, budgets, cash flow projections, liquidation analyses, valuation analyses, feasibility analyses, exit strategies, and any documents relating to the proposed Refinancing Transaction, the BSP Facility, the OWS Facility, or any alternative refinancing or sale transaction.

16. All Documents and Communications Concerning the feasibility of the Plan, including relating to any financing or other transaction contemplated or required by the Plan, and the Debtor's calculation of the amount of financing it needs to implement the Plan, and its sources of uses.

17. All Documents and Communications relied on when answering these Requests or ACRE's First Set of Interrogatories.

Dated: June 11, 2026

/s/ Lara Roeske Fernandez
Lara Roeske Fernandez, Esq.
Florida Bar No. 88500
lfernandez@trenam.com
**TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.**
101 E Kennedy Boulevard, Suite 2700
Tampa, FL 33602
Telephone: (813) 223-7474

*Counsel for ACRE CFPortfolio LLC*

/s/ Charles A. Dale
Charles A. Dale, Esq. (admitted *pro hac vice*)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110-2600
Telephone: (617) 519-9600
Email: cdale@proskauer.com

*Counsel for ACRE CFPortfolio LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2026, a true and correct copy of the foregoing was served via email to counsel for Nied Ownership, LLC: Amy Denton Mayer (amayer@bergersingerman.com) and Edward J. Peterson (epeterson@bergersingerman.com).

*/s/ Lara Roeske Fernandez*
Lara Roeske Fernandez