UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE: Chapter 11

NIED OWNERSHIP LLC, Case No. 6:26-bk-03232-TPG

Debtor.
_______________________________________/

**DEBTOR'S RESPONSE TO ACRE CFPORTFOLIO LLC'S SECOND REQUESTS FOR DOCUMENT PRODUCTION**

Debtor, Nied Ownership LLC ("Nied"), by and through its undersigned counsel, hereby responds to ACRE CFPORTFOLIO LLC's ("ACRE") Second Requests for Document Production (the "Requests"). In responding to the Requests, unless stated otherwise herein, Nied adopts and incorporates the Definitions set forth in the Requests, and such defined terms shall have the same meaning herein as that set forth in the Requests. By providing the responses and objections contained herein, Nied is in no way waiving (and instead preserves and intends to preserve) any and all protections afforded to it by the attorney/client privilege and/or the work-product doctrine.

**DOCUMENT REQUESTS**

**Request for Production No. 5.** All Documents and Communications sufficient to evidence the existence and amount of any claim of any creditor Debtor contends holds a claim against the Debtor's estate.

**RESPONSE: Nied objects to Request Number 5 on the grounds that it seeks documents supporting a legal conclusion (*i.e.*, documents sufficient to "evidence" the existence and amount of a claim). Nied further objects to Request Number 5 on the grounds that it is a creditor's obligation (not Nied's) to provide documents sufficient to demonstrate the existence of a claim.**

**Nied will produce the following non-objectionable, non-privileged documents (to the extent that such documents are in its possession): (a) all loan documents; and (b) all other documents supporting Nied's scheduled claims (insider and non-insider).**

**Request for Production No. 6.** All Documents and Communications Concerning the statement at the bottom of page 2 of the Opposition to the Motion, that "ACRE and its predecessor…engage[d] in [a] pattern of inequitable conduct."

**RESPONSE: Nied will produce non-privileged documents responsive to Request Number 6.**

**Request for Production No. 7.** All Documents and Communications Concerning the statements at the bottom of page 3 of the Opposition to the Motion, that "ACRE induced PIMCO to block refinancing of two Projects."

**RESPONSE: Nied will produce non-privileged documents responsive to Request Number 7.**

**Request for Production No. 8.** All Documents and Communications Concerning the transfer of any real property, equity interests, assets, funds, or other property by or from the Debtor, Nied Member, any Property Owner, or any entity owned, controlled, managed, or affiliated with Michael Niederst or David Niederst, to any other affiliated entity, family trust, holding company, any of the Niedersts, or any other insiders.

**RESPONSE: Nied objects to Request Number 8 on the grounds that it seeks documents that are not relevant to ACRE's Motion to Dismiss Chapter 11 Case or, in the Alternative, for Relief from the Automatic Stay (the "MTD"). Specifically, Request Number 8 (impermissibly) seeks documents concerning (purported) transfers by, from and/or among non-debtor third parties (including affiliated entities, family trusts, holding companies, and individuals) that have no bearing on the issues raised by the MTD. Stated differently, Request Number 8 seeks documents that are not: (a) relevant to any party's claim or defense; or (b) proportional to the needs of the case, considering: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.**

**Nied also objects to Request Number 8 on the grounds that it is overbroad in scope, particularly due to its attempt to seek documents related to "any entity owned, controlled, managed, or affiliated with Michael Niederst or David Niederst." Nied further objects to**

**Request Number 8 on the grounds that it seeks documents outside of Nied's possession, custody, or control (by seeking the documents of third parties). Nied also objects to Request Number 8 on the grounds that it seeks non-parties' confidential and sensitive financial information (the disclosure of which implicates their privacy interests). Nied further objects to Request Number 8 on the grounds that it is vague and ambiguous. Nied is unclear concerning ACRE's use of the terms: (a) "insiders;" and (b) "affiliated" (and those terms are not defined in the Request). Nied finally objects to Request Number 8 on the grounds that it seeks documents protected by the attorney/client privilege and/or the work-product doctrine.**

**Nied will produce the following non-objectionable, non-privileged documents (to the extent that such documents are in its possession): documents related to any transfers by Nied.**

**Request for Production No. 9.** All Documents and Communications Concerning any finances, loans, draws, distributions, salaries, fees, bonuses, expense reimbursements, advances, capital contributions, or other withdrawals of funds that Michael Niederst or David Niederst have received from, withdrawn from, loaned against, or taken out of any property-owning entity, including but not limited to the Debtor, Nied Member, any Property Owner, or any entity owned, controlled, managed, or affiliated with either of them.

**RESPONSE: Nied objects to Request Number 9 on the grounds that it seeks documents that are not relevant to the MTD. Specifically, Request Number 9 (impermissibly) seeks documents concerning the: (a) personal finances of non-party individuals; and (b) internal financial affairs of non-debtor entities (that have no bearing on the issues raised by the MTD). Stated differently, Request Number 9 seeks documents that are not: (a) relevant to any party's claim or defense; or (b) proportional to the needs of the case, considering: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Nied further objects to Request Number 9 on the grounds that is overbroad in scope, particularly due to its attempt to seek documents related to funds received from: (a) "any property-owning entity;" and (b) "any entity owned, controlled, managed, or affiliated with" the Niedersts.**

**Nied also objects to Request Number 9 on the grounds that it seeks documents outside of Nied's possession, custody, or control (by seeking the documents of third parties). Nied further objects to Request Number 9 on the grounds that it seeks non-parties' confidential and sensitive financial information (the disclosure of which implicates their privacy interests). Nied finally objects to Request Number 9 on the grounds that it seeks documents protected by the attorney/client privilege and/or the work-product doctrine.**

**Nied will produce the following non-objectionable, non-privileged documents (to the extent that such documents are in its possession): documents related to any loans, draws, distributions, salaries, fees, bonuses, expense reimbursements, advances, capital contributions, or other withdrawals of funds that Michael Niederst or David Niederst have received from, withdrawn from, loaned against, or taken out of Nied.**

**Request for Production No. 10.** All Documents and Communications Debtor intends to rely on in support of confirmation of its Plan and/or disclosure statement.

**RESPONSE: Nied will produce non-privileged documents responsive to Request Number 10 in accordance with the Court's Trial Scheduling Order.**

**Request for Production No. 11.** All Documents and Communications Concerning any evidence, exhibits, documents, or testimony that the Debtor intends to introduce at the Final Evidentiary Hearing on the Motion.

**RESPONSE: Nied will produce non-privileged documents responsive to Request Number 11 in accordance with the Court's Trial Scheduling Order.**

**Request for Production No. 12.** All Documents and Communications Concerning any appraisals, valuations, broker price opinions, market analyses, financial projections, or assessments of value for any real property owned by the Debtor, Nied Member, any Property Owner, or any entity owned, controlled, managed, or affiliated with Michael Niederst or David Niederst.

**RESPONSE: Nied objects to Request Number 12 on the grounds that it seeks documents that are not relevant to the MTD. Specifically, Request Number 12 (impermissibly) seeks documents concerning valuation materials for real property owned by third-parties unrelated to the Portfolio (that have no bearing on the issues raised by the MTD). Stated differently, Request Number 12 seeks documents that are not: (a) relevant to any party's claim or defense; or (b) proportional to the needs of the case, considering: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Nied further objects to Request Number 12 on the grounds that is overbroad in scope, particularly due to its attempt to seek documents related to funds received from: (a) "any real property owned by;" and (b) "any entity owned, controlled, managed, or affiliated with" the Niedersts.**

**Nied also objects to Request Number 12 on the grounds that it seeks documents outside of Nied's possession, custody, or control (by seeking the documents of third parties). Nied further objects to Request Number 12 on the grounds that it seeks non-parties' confidential and sensitive financial information (the disclosure of which implicates their privacy interests). Nied also objects to Request Number 12 on the grounds that it is vague and ambiguous. Nied is unclear concerning ACRE's use of the terms: (a) "market analyses;" and (b) "assessments of value" (and those terms are not defined in the Request). Nied finally objects to Request Number 12 on the grounds that it seeks documents protected by the attorney/client privilege and/or the work-product doctrine.**

**Nied will produce the following non-objectionable, non-privileged documents (to the extent that such documents are in its possession) related to real property owned directly or indirectly by Nied: (a) appraisals; (b) valuations; and (c) broker price opinions or assessments of value.**

**Request for Production No. 13.** All Documents and Communications Concerning any appraisals, valuations, assessments of value, financial statements, operating statements, capital accounts, or projections for NDALD, LLC, NJALD, LLC, and MRAD Phase III, LLC, from the date of formation of each such entity to the present.

**RESPONSE: Nied objects to Request Number 13 on the grounds that it seeks documents that are not relevant to the MTD. Specifically, Request Number 13 (impermissibly) seeks documents concerning appraisals, valuations, assessments of value, financial statements, operating statements, capital accounts, or projections of non-parties that have no bearing on the issues raised by the MTD. Stated differently, Request Number 13 seeks documents that are not: (a) relevant to any party's claim or defense; or (b) proportional to the needs of the case, considering: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.**

**Nied further objects to Request Number 13 on the grounds that it seeks documents outside of Nied's possession, custody, or control (by seeking the documents of third parties). Nied also objects to Request Number 8 on the grounds that it seeks non-parties' confidential and sensitive financial information (the disclosure of which implicates their privacy interests). Nied further objects to Request Number 13 on the grounds that it is vague and ambiguous. Nied is unclear concerning ACRE's use of the terms: (a) "capital accounts;" and (b) "assessments of value" (and those terms are not defined in the Request). Nied finally objects to Request Number 13 on the grounds that it seeks documents protected by the attorney/client privilege and/or the work-product doctrine.**

**Nied will produce the following non-objectionable, non-privileged documents (to the extent that such documents are in its possession) related to: (a) NDALD, LLC; (b) NJALD, LLC;**

**and (c) MRAD Phase III, LLC: (1) appraisals; (2) valuations; and (3 opinions or assessments of value.**

**Request for Production No. 14.** All Documents and Communications Concerning OWS and Benefit Street Partners, including but not limited to any term sheets, commitment letters, loan agreements, loan applications, proposals, expressions of interest, indications of interest, correspondence, due diligence materials, financial projections, underwriting analyses, or other documents relating to any actual, proposed, or contemplated financing, refinancing, or investment by OWS or Benefit Street Partners in the Debtor, Nied Member, the Property Owner, the Portfolio, or any affiliate thereof.

**RESPONSE: Nied will produce non-privileged documents responsive to Request Number 14.**

**Request for Production No. 15.** All Documents and Communications Concerning the Plan, including but not limited to any drafts, term sheets (including relating to any financing contemplated in connection with the Plan), commitment letters, financial projections, sources and uses analyses, business plans, budgets, cash flow projections, liquidation analyses, valuation analyses, feasibility analyses, exit strategies, and any documents relating to the proposed Refinancing Transaction, the BSP Facility, the OWS Facility, or any alternative refinancing or sale transaction.

**RESPONSE: Nied will produce non-privileged documents responsive to Request Number 15.**

**Request for Production No. 16.** All Documents and Communications Concerning the feasibility of the Plan, including relating to any financing or other transaction contemplated or required by the Plan, and the Debtor's calculation of the amount of financing it needs to implement the Plan, and its sources of uses.

**RESPONSE: Nied will produce non-privileged documents responsive to Request Number 16.**

**Request for Production No. 17.** All Documents and Communications relied on when answering these Requests or ACRE's First Set of Interrogatories.

**RESPONSE: Nied will produce non-privileged documents responsive to Request Number 17.**

DATED: June 17, 2026.

*/s/ Edward J. Peterson*
Edward J. Peterson
Florida Bar No. 14612
Berger Singerman LLP
101 E. Kennedy Boulevard, Suite 1165
Tampa, Florida 33602
813.498.3400
epeterson@bergersingerman.com
*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished on June 17, 2026, by email to:

Lara Roeske Fernandez, Esq., Trenam Kemker Scharf Barkin Frye O'Neill & Mullis, P.A.
lfernandez@trenam.com

Charles A. Dale, Esq., Proskauer Rose LLP
cdale@proskauer.com

Dylan J. Marker, Esq., Proskauer Rose LLP
dmarker@proskauer.com

*/s/ Edward J. Peterson*
Edward J. Peterson